977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alice Ruth RIFE, Administratrix of the Estate of Nelson
Rife, Petitioner,
v.
DIRECTOR OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Beatrice Pocahontas
Coal Company, Respondents.
 No. 91-1850.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 19, 1992.
Decided Sept. 29, 1992.
 
 On Petition for Review of an Order of the Benefits Review Board, No. 86-2767-BLA).
 Alice Ruth Rife, petitioner pro se.
 Roscoe Conkling Bryant, III, Barbara J. Johnson, United States Department of Labor, Washington, D.C., Martin Ellison Hall, Jackson & Kelly, Lexington, Ky., for respondents.
 Ben Rev Bd
 REVERSED AND REMANDED.
 Before K.K. Hall, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alice Rife, widow of Nelson Rife, a former coal miner, appeals from a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision denying Nelson's application for black lung benefits.
 
 
 2
 In his first decision, the ALJ found all essential elements of the claim established and awarded benefits. Beatrice Pocahontas Coal Company ("employer"), however, appealed to the Board, which vacated the ALJ's decision and remanded for the limited purpose of determining whether Mr. Rife established a totally disabling respiratory or pulmonary impairment under 20 C.F.R. § 718.204(c). The Board determined that the ALJ committed error in his first decision by finding that Mr. Rife satisfied the criteria of section 718.204(c) solely on the basis of qualifying blood gas studies, without weighing all relevant evidence together. The Board, however, affirmed the ALJ's findings that Mr. Rife established all other essential elements of entitlement to benefits.
 
 
 3
 On remand, the ALJ found the evidence of record insufficient to establish total disability due to pneumoconiosis and, accordingly, denied benefits. Alice Rife appealed to the Board, which summarily affirmed the ALJ's decision without discussing the grounds underlying the ALJ's opinion.
 
 
 4
 The record in this case contained conflicting objective evidence. The blood gas studies supported an inference that Mr. Rife suffered from a totally disabling respiratory or pulmonary impairment, but the ventilatory studies failed to produce qualifying values under the applicable regulations. As there was no evidence of cor pulmonale, the case turned on the medical opinion evidence.
 
 
 5
 The ALJ, within his discretion, determined that greater weight ought to be given to the opinions of the four physicians of record that examined Mr. Rife, Drs. Thakkar, Sutherland, Berry, and Abernathy. Of this group, only Dr. Abernathy found that Mr. Rife did not have a totally disabling respiratory or pulmonary impairment. Dr. Sutherland, Mr. Rife's treating physician for over twelve years, found that his patient suffered from a severe chronic obstructive pulmonary disease which, aside from Mr. Rife's heart problems, was sufficient by itself to disable him from coal mine employment or any other strenuous activity. Dr. Berry, when completing a section of a Department of Labor form requesting the physician to list physical limitations which might be related to pulmonary disease, stated that Mr. Rife could walk only a few steps, was unable to climb stairs, or lift or carry any weight. Dr. Thakkar described the miner's lung disease as moderately severe, and concluded that his lung disease and angina prevented him from performing any kind of work.
 
 
 6
 We find that the ALJ erred by finding Dr. Abernathy's opinion sufficient to defeat the claim for benefits. The ALJ acknowledged that the opinions of Drs. Sutherland and Berry provided helpful corroboration within limits, but found the opinions of Drs. Thakkar and Abernathy to be "pivotal" to his disability determination because those doctors possessed superior qualifications to Drs. Sutherland and Berry. His decision to deny benefits thus ultimately hinged on his decision to reject Dr. Thakkar's opinion.
 
 
 7
 We find, however, that the ALJ erred by rejecting Dr. Thakkar's report. Although the ALJ was directed by the Board on remand to determine only whether the miner had a totally disabling respiratory impairment, most of the reasons provided by the ALJ for rejecting Dr. Thakkar's opinion related to the ALJ's view that Dr. Thakkar's report failed to establish that any disabling impairment the miner might have was due to pneumoconiosis. In its first decision, the Board had already determined that, if Mrs. Rife could establish that her deceased husband suffered from a totally disabling respiratory impairment, Dr. Abernathy's report would be insufficient to rebut the resulting presumption that the miner's disabling impairment was due to pneumoconiosis. See 20 C.F.R. § 718.305.
 
 
 8
 The ALJ viewed the reports of Drs. Thakkar and Abernathy as equally important. Since the ALJ provided no legitimate reason for rejecting Dr. Thakkar's opinion,[1] the resulting stalemate would, in the absence of other relevant medical opinion evidence, arguably require a finding in Alice's favor under the true doubt rule. See Greer v. Director, Office of Workers' Compensation Programs, 940 F.2d 88 (4th Cir.1991). The medical reports of Drs. Sutherland and Berry, however, fully corroborate Dr. Thakkar's findings.[2]
 
 
 9
 When the evidence is viewed as a whole, we think it would serve no purpose to remand for a third weighing of the evidence in this case, because substantial evidence could not support a finding that Mr. Rife had no totally disabling respiratory impairment. Accordingly, the decision of the Board is reversed and the claim is remanded with instructions to award benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 [1]
 The ALJ's comment that Dr. Thakkar failed to explain how Nelson could have a disabling obstructive lung disease without a qualifying ventilatory study does not alter our conclusion. We note that a miner may properly be found to be disabled even in the absence of qualifying studies, and that, in appropriate circumstances, a nonqualifying objective study may even constitute positive evidence of a disabling respiratory impairment. See Marsiglio v. Director, Office of Workers' Compensation Programs, 8 BLR 1-190 (1985)
 
 
 [2]
 We note that in its first decision, the Board affirmed the ALJ's decision to accord superior weight to Dr. Sutherland's opinion regarding the cause of the miner's disability than to the conflicting report of Dr. Abernathy, based on Dr. Sutherland's greater familiarity with the miner's condition. We also note that the ALJ erred in finding on remand that the value of Dr. Sutherland's opinion should be discounted because he did not personally perform some of the objective studies relied upon to support his opinion. No case law imposes such a requirement, and the ALJ provided no reason to believe that the studies were improperly performed or that their results were unreliable